1840.
RUCKMAN
*v.*
ASTOR.

January 7.

---

## RUCKMAN *v.* ASTOR.

---

Under the mortgage act of the 13th of May, 1837, where a mortgagee became the purchaser and took possession and then the mortgagor redeemed : *it was held*, that the mortgagor could only be required to pay the purchase money with ten per cent. interest and that the purchaser must account for the rents received.

A purchaser of land is not entitled to a year's rent accrued and due previous to his purchase. All he is entitled to is the rent from the quarter day immediately preceding his purchase, unless, by the terms of his agreement, he is to receive the rents which have previously accrued.

---

BILL and demurrer.

A house and lot were mortgaged by Seth Geer to the defendant John Jacob Astor.

Mr. Astor foreclosed ; and on the ninth day of May, one thousand eight hundred and thirty-eight, he bought in the property at the master's sale under the decree in his mortgage suit. Subsequently thereto the complainant Ruckman became the purchaser of the equity of redemption from Stuyvesant and Root, the former owners thereof.

On the eighth day of May, one thousand eight hundred and thirty-nine, the complainant, Ruckman, paid to David Codwise, Esquire, the master who made the sale, the amount at which the defendant Astor had bought in the property, with ten per cent. interest, and received a certificate and discharge of the sale pursuant to the act (allowing redemption) entitled, " An act concerning the sale of real estate by mortgage," passed May 12, 1837, and the amendatory act of 1838.

January 9, 1840.

*Mortgage.*
*Redemption act.*
*Rents.*
*Vendor and purchaser.*

1840.

RUCKMAN
v.
ASTOR.

The bill, after setting forth the above facts, alleged that, by virtue of the redemption certificate, the complainant had become entitled to receive from the defendants all rents of the premises which he might have collected; and charging that he had collected a year's rent, which he was bound to pay over, deducting only for necessary repairs and taxes. *Prayer* for an account of such rents; and payment.

General demurrer.

Mr. *J. Miller*, in support of the demurrer.

Mr. *Glover*, for the complainant.

*June 9.*    THE VICE-CHANCELLOR :—The principal questions are: 1. Whether the defendant is entitled to retain the year's rent of the premises after the same have been redeemed by the payment to him of the principal sum at which he bought in the property and ten per cent. interest? and 2. If not so entitled to retain or keep the rent, then whether the complainant has the right to call him to an account for such rent and to receive it from him?

On the first question : I am of opinion that a purchaser at a mortgage sale is not entitled to receive and hold the rents in addition to the amount bid and the ten per cent. upon a redemption under the statute. The act of the 13th of May, 1837, confers the right and declares the terms and effect of a redemption. It is silent about the possession or the rents in the meantime. The Chancellor, by amending the 135th Rule of the court on the twenty-seventh of May, one thousand eight hundred and thirty-seven, provided for the mortgagor's retaining possession until the expiration of the year on his giving a bond, &c. The amendatory act of the 18th of April, 1838, adopted and carried out this provision of the rule. In cases, therefore, where a bond was given and the mortgagor retained possession and afterwards redeemed them, the purchaser did not obtain the rents. All that he could possibly have was the sum bid and the ten per cent. interest.

Was it intended that a different rule should prevail where the mortgagor omitted to give or was so unfortunate as not to be able to give a bond and retain possession? I think not. I

consider the legislature intended an uniform rule; and whether the mortgagor retained possession or the purchaser came into possession, all that he could require or be permitted to receive for his own benefit was his principal sum and the extra interest of ten per cent. Full justice is done to him by this allowance. At the same time it was necessary to let the purchaser into possession, unless a bond was given, lest the mortgagor should not redeem and the purchaser should, in that case, lose the interest on the money advanced and all benefit from the property for one year. But I am satisfied it was not intended by the law, and it is not declared that, by not giving the bond and not retaining the possession, the mortgagor should forfeit his right to an account for the rent in case he afterwards refunded the purchase money and interest.

Then, as to the second question. Has the complainant a right to the rents? I think the bill does not show that he has. He became the assignee of the right to redeem by purchase on the seventh day of May, one thousand eight hundred and thirty-nine, one day before the expiration of the year. The bill does not show that he purchased and took an assignment of the rent which had accrued the preceding year—and rent which had previously accrued and become due seems to me not to pass as an incident to what is alleged to have been assigned. A purchaser may be entitled to rent from the quarter day preceding his purchase, where the agreement is not to the contrary; but not beyond that time : 1 Sugden's Vendor, 61, 62.

The year's rent which had accrued and become due when the present complainant purchased the right to redeem and took an assignment of it was a chose in action and I consider he should show by his bill affirmatively that he bought it and it was intended to pass ; otherwise it must be considered as belonging still to Stuyvesant and Root, who appear to have been the owners of the equity of redemption during the term.

On this ground, the demurrer must be allowed, with costs; but with leave to the complainant to amend.